IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>             Plaintiff,<br><br>vs.<br><br>ENDICOTT CLAY PRODUCTS CO. and<br>FIRST ADMINISTRATORS, INC.,<br><br>             Defendants. | **8:12CV49**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12 for lack of subject matter jurisdiction and for failure to state a claim. Filing No. 15. This is an action for recovery of medical benefits from a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiff, Michael Williams ("Williams"), filed a complaint in federal court on February 6, 2012, stating that the failure of Endicott Clay Products and First Administrators, Inc. (collectively, "defendants") to pay health insurance benefits for Williams's pre-certified surgeries was a breach of ERISA. Filing No. 1. Defendants argue that Williams failed to exhaust his administrative remedies, depriving the court of subject matter jurisdiction under 12(b)(1) of the Federal Rules of Civil Procedure. Filing No. 15. Defendants further argue that Williams's statement in his complaint that he exhausted administrative remedies is a legal conclusion that is not sufficient to meet 12(b)(6) of the Federal Rules of Civil Procedure. Filing No. 16. Both parties provided additional documentation, and this court will consider the relevant materials.[1]

_____

[1] Williams asserts that this motion must be converted to summary judgment because of the additional materials submitted by defendants. Filing No. 31. To determine whether subject matter jurisdiction is appropriate, the court may consider documents outside the pleadings without converting the

**LAW**

Under the Federal Rules of Civil Procedure, a party may assert the lack of subject-matter jurisdiction as a defense to a claim.  Fed. R. Civ. P. 12(b)(1).  "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached."  *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (*quoting Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990)).  "A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)."  *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637, n. 4 (8th Cir. 2003) (*quoting Osborn*, 918 F.2d at 728 n.4).  For the court to dismiss for lack of subject matter jurisdiction under 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  "In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction."  *Id.*  In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.  *Id.*  In a factual challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Osborn*, 918 F.2d at 730.  "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from

---

motion to one for summary judgment.  *See Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).  The court will, therefore, consider the relevant materials.

evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

## BACKGROUND

Williams was an employee of Endicott Clay Products ("Endicott"). Endicott was a sponsor and fiduciary to the ERISA benefit plan (the "Plan") at all times material to this claim. Filing No. 1. Defendant First Administrators, Inc., was Endicott's duly selected claims administrator. In May 2010, Williams's doctors determined that Williams needed multiple surgeries for spinal fusions, insertion of a spine fixation device, and insertion of a spine prosthetic device. They contacted defendants' agent, Care Allies, for pre-certification of the surgeries under the Plan. Filing No. 1. Prior to surgery, Williams's medical care providers contacted the workers' compensation carrier and confirmed that workers' compensation was denied. Filing No. 1, ¶ 15.

Williams confirmed the surgeries would not be covered by his workers' compensation carrier, and provided that information to Endicott. *Id.* Prior to the events of this ERISA case, Williams received workers' compensation for a back injury he incurred while working for Endicott back in 2004 and 2005. Because of this previous history, Williams submitted a complaint to the Nebraska Workers' Compensation Court, apparently to preempt a claim by Endicott that the injury would be subject to workers' compensation. Filing No. 29-2. On May 27, 2010, Endicott submitted an answer in the workers' compensation case, alleging that Williams's injury did not arise in the course of Williams's employment. *Id.* On March 10, 2011, the compensation court found that Endicott was not liable under a workers' compensation theory. Filing No. 1 , at 3.

In the case currently before this court, Care Allies pre-certified the surgeries on May 11, 2010. *Id.* at ¶ 10. On May 26, 2010, Williams had the pre-certified surgeries and began receiving medical bills. *Id.* at ¶ 12. Williams's attorney received letters from the defendants concerning these medical bills on August 30, 2010; September 15, 2010; and December 14, 2010. Filing No. 29-1, ¶ 12.[2] In April 2011, Williams's attorney learned that defendants were denying the claim. *Id.* at ¶ 14. Williams had spoken to one of his medical providers and received this information. Filing No. 29-1. On May 11, 2011, counsel sent a letter to defendants. *Id.* at ¶ 15, Ex. C. Counsel indicates he received nothing until September 7, 2011, at which time he received a letter stating the defendants would not pay the medical bills. *Id.* at ¶ 16. Williams received an Explanation of Benefits ("EOB") in November 2011, indicating that benefits were denied because the injuries were work-related and, therefore, not covered by the Plan.[3]

## DISCUSSION

A. *ERISA Plan*

Defendants contend that Williams failed to exhaust his administrative remedies under the Plan. The Plan contains a review and appeal process for denied benefits. If a claimant is denied in whole or a part of a claim, the claimant has the right to receive review under the Plan. Filing 17-2, at pp. 50-53. The Plan states that "the request to review a claim must be in writing and must be submitted to the address on the Notification of Decision" and "must be submitted within 180 days following the receipt of

---

[2] Defendants contend they did not receive letters from counsel. Filing No. 29-1, ¶ 16.

[3] The defendants claim that Williams received an EOB dated August 19, 2010. Filing No. 16 at 3. Williams and his attorneys deny receiving an EOB prior to November 2011. Filing No. 31. The court finds that Williams's claim that he received the EOB on November 15, 2011, is credible for purposes of this motion. This may be a credibility issue to be determined by the trier of fact at trial.

the adverse benefit determination."  *Id.*  The Plan further states that the claimant "may authorize another person to represent [the claimant] and with whom [the claimant] wants the Benefit Services Administrator to communicate regarding specific claims or an appeal."  *Id.*  The authorization "must be in writing, signed and dated" by the claimant and include all information required in the Plan's Authorized Representative Form.  *Id.* Defendants admit that St. Elizabeth's Regional Medical Center submitted requests for reprocessing the claims on November 19, 2010; a "letter of appeal" on April 6, 2011, and a "second level appeal" on July 12, 2011.  However, defendant's denied such requests indicating that a claim appeal can only be requested by the member.

The appeal procedure states:

**Filing an Appeal**

In case of an adverse benefit determination, the claimant has the right to a full and fair review. An adverse benefit determination is a denial, reduction or termination of a benefit.

[T]he request to review a claim must be in writing and must be submitted to the address on the Notification of Decision.  This request must be submitted within 180 days following the receipt of the adverse benefit determination.…

The claimant may submit written comments, documents, or other information in support of the appeal.  The participant will be provided, upon request and free of charge, reasonable access to and copies of all relevant records used in making the decision.  The review will take into account all information regarding the denied or reduced claim whether or not presented or available at the initial determination.

The review will be conducted by someone other than the original decision maker(s) and without regard to the original decision.  If a decision requires medical judgment, an appropriate medical expert who was not previously involved in your case will be consulted.  If the decision on appeal is adverse, you may requested in writing the identity of the medical expert who was consulted.

Filing 17-2, Ex. 1 Plan, at 50-51; Filing No. 30-3, at P. ID #186.

      B.   *Compliance with the Appeals Process*

Between November 19, 2010, and August 4, 2011, Endicott received letters from the hospital provider, St. Elizabeth's Regional Medical Center ("Hospital"). Filing No. 17-3., ¶ 9. The Hospital requested reprocessing/appeal of Williams's claims on November 19, 2010; April 6, 2011; and July 12, 2011. *Id.* Williams's attorney submitted a letter to defendants on May 11, 2011, and resubmitted the letter on August 4, 2011. Filing No. 29-1, ¶¶ 15-16. The May 11, 2011, letter to Endicott stated that Williams's injury was not a workers' compensation injury and, therefore, should be covered by the Plan. Filing No. 29-4. On September 7, 2011, Endicott denied reconsideration, claiming that Williams had not complied with the 180-day time period to file an appeal. Filing No. 30-5. According to the letter, the 180-day time period began August 18, 2010, and ended February 15, 2011. *Id.* Williams argues that if the court considers compliance with the appeals process mandatory, the letters, including the December 3, 2010, and March 1, 2011, letters sent to defendant Endicott by Williams's counsel, constituted an appeal. Defendants argue that neither the Hospital nor Williams's attorney were authorized representatives under the Plan and, therefore, could not appeal on Williams's behalf. Filing No. 34 at 5.

According to Williams, Endicott has argued that this is not a workers' compensation claim and that this is not a medical claim. Such inconsistencies, argue plaintiff, are not consistent with the purpose of the plan and show that any attempt to appeal was futile in any event.

C.   *Subject Matter Challenge*

The defendants challenge subject matter jurisdiction both on the face of the complaint and as a factual challenge.  The court finds that Williams met his burden of showing that this court has subject matter jurisdiction.

1. *Facial Attack*

The defendants argue that Williams's claim of subject matter jurisdiction fails any facial challenge because Williams only alleges that he has exhausted all administrative remedies.  Williams, argue defendants, did not provide any factual allegations showing that he followed the appeals process.  Filing No. 16 at 10.  Federal courts have construed ERISA to require the claimant to exhaust contractual remedies under the health benefits plan, and if a claimant fails to pursue and exhaust administrative remedies under a particular ERISA plan, his or her claim for relief is barred.  *Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010) (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998)).  However, a facial challenge to jurisdiction only succeeds if the claimant has failed to allege an element necessary for jurisdiction.  In this case, Williams alleged that he had exhausted administrative remedies on the face of the complaint.  Williams specifically states that he "has exhausted all administrative remedies including service of this Complaint on the Department of Labor and the Secretary of the Treasury pursuant to ERISA section 502."  Filing No. 1, ¶ 6.  Further, plaintiff alleged "that plaintiff has complied with all internal appeals and thus all administrative prerequisites for bringing this action have taken place."  *Id.* at ¶ 17.  The court finds, therefore, that Williams arguably alleged all of the elements necessary to show that this court has jurisdiction on the face of the complaint.

### 2. *Factual Attack*

The defendants argue that this court should only consider whether Williams followed the specific Plan language regarding the appeals procedure, and since he did not, this court does not have subject matter jurisdiction. When considering a factual challenge to subject matter jurisdiction, the court must not give a presumption to the truth of Williams's allegations; however, the court may weigh the evidence to satisfy itself that it has jurisdiction. *Osborn*, 918 F.2d at 730.

Viewing all the facts as presented, Williams establishes that subject matter jurisdiction exists in this case. First, Williams appealed under the Plan. Williams's attorney acted as Williams's authorized representative, and when Williams's attorney filed a letter requesting a review of the denial of the benefits, Williams met the appeals process requirements. The defendants allege that Williams did not comply with the strict language of the Plan. However, the facts as presented to date show that the defendants treated the attorney as a representative and the letter from Williams's attorney as an appeal. Defendants corresponded directly with Williams's attorney concerning the medical bills under ERISA. Filing Nos. 29-1, ¶¶ 12, 13, and 16; 29-5. Defendants received the letter from Williams's attorney, and only denied it because Williams's attorney allegedly did not submit the request within 180 days of the alleged receipt of the EOB, not for any other reason of noncompliance with the remainder of the Plan. Filing No. 29-5. Further, this court finds that it is credible for purposes of this motion that Williams did not receive the EOB until November 11, 2011. *See* Filing No. 29-1. Considering this date, the defendants inappropriately denied the appeal for failing to meet the time period to submit, because Williams had until May 9, 2012, to file an

appeal.  The letter from Williams's attorney dated May 11, 2011, fits within this time period.  Filing No. 29-1, ¶ 15.  Considering all of the facts, defendants treated the attorney as Williams's representative and his letter as an appeal to the benefits denial. The court finds that Williams complied in substance with the appeals procedure of the Plan.

The second reason this court has jurisdiction is that even if Williams did not comply with the precise letter of the appeals procedure, he has shown that compliance with the appeals procedure would have been futile.  The Eighth Circuit has recognized that the exhaustion requirement is excused when the claimant shows that pursuing an administrative remedy would be futile.  *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011).  Williams provided information to defendants that his claim for medical benefits would not be covered by workers' compensation even before he applied for pre-certification for his surgeries.  Filing No. 1. Defendants do not deny that they received this information.   In an abundance of caution, Williams alleges he even filed an action in the Nebraska Compensation Court to determine whether his surgeries would be covered by workers' compensation.  *Id.* During this action, the defendants argued that Williams's injury was not covered by workers' compensation.  *Id.* However, Williams later received notice from the defendants that the reason for denying his ERISA benefits was because the injury was a workers' compensation claim.  *Id.*  The defendants were inconsistent throughout this process, alternatively arguing that Williams was not covered by workers' compensation in that case, but arguing he is covered in this case.  They also pre-certified Williams's surgeries, and then waited months to deny payment, all the while aware that the

workers' compensation court had denied the claim.  Defendants also filed an answer in the workers' compensation case that indicated workers' compensation did not apply. Further, plaintiff contends that defendants committed irregularities in the claims process including the above as well as intentionally mischaracterizing the medical information. *Id.* at ¶ 19.   Plaintiff states that there is a pattern and practice of denying legitimate claims based on alleged workers' compensation injuries.  Williams has shown through these allegations against the defendants that any attempt to exhaust administrative remedies would have been futile.

Williams has met the burden to show that this court has subject matter jurisdiction.[4]

IT IS HEREBY ORDERED that defendants' motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, Filing No. 15, is denied.

Dated this 11th day of January, 2013.

BY THE COURT:


*s/ Joseph F. Bataillon*
U.S. District Court Judge

---

[4] Because of the court's finding on the subject matter claim, the motion for failure to state a claim is moot.  The issues raised with regard to the failure to state a claim are virtually identical to those made on the subject matter jurisdiction claim.